UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 21-1200

_____

**CONSOLIDATION COAL COMPANY**,

    Petitioner,

v.

**CLINTON MOORE, deceased; ARLEY MOORE, widow; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,**

    Respondents,

_____

**UNOPPOSED MOTION FOR ATTORNEY'S FEES**

_____

Brad A. Austin                                                                                   June 13, 2022
Wolfe Williams & Reynolds
470 Park Ave. Norton, VA 24273
Counsel for Arley Moore

Comes now Respondent, Arley Moore, widow of Clinton Moore, by and through Counsel, and in accordance with 33 U.S.C. § 928, as implemented by the regulations of the Department of Labor at 20 C.F.R. §§ 725.366 and 802.203, and moves this Court to issue an Order awarding attorney's fees in the amount of $7,912.50 for legal services rendered while this case was before this Court.

Counsel for Respondent's office has not requested or received any fee for the services rendered to Respondent in any claim for pneumoconiosis benefits for work performed before this Court. In preparing to submit this Motion, Counsel for Respondent, Brad Austin, contacted Counsel for Petitioner, Joseph Halbert, who indicated that he does not oppose the total fee amount sought and that he does not oppose Counsel for Respondent's Motion.

Respondent is attaching itemized time sheets as "Exhibit A." These timesheets identify the timekeeper, the task, and the time spent on each task while this case was pending before this Court. Respondent's Counsel is requesting the following: (1) $4,287.50 for Attorney Donna Sonner which represents 12.25 hours; (2) $3,375 for Attorney Brad Austin which represents 11.25 hours; (3) $150.00 for Attorney Tonya Hatfield which represents 0.75 hours; (4) $50.00 for Attorney Rachel Wolfe which represents 0.25 hours; and (5) $50.00 for legal assistants which represents 0.50 hours. "Exhibit A" totals 25.00 hours of legal services for a total fee of $7,912.50.

When this Court reviews the amount of time spent on each task and the quality of the work performed, it should find the request to be reasonable. For these reasons, the undersigned respectfully requests this Court to issue an Order granting the fee petition and awarding attorney's fees in the amount of $7,912.50.

## LEGAL STANDARD FOR AWARDING ATTORNEY'S FEES

The Black Lung Benefits Act guarantees claimants' representatives awards of market-based fees because they are forbidden from charging claimants directly. *See U.S. Dep't of Labor v. Triplett,* 495 U.S. 715, 717 (1990). It is important that this

fee be sufficient to attract lawyers to represent black lung claimants because lawyers are generally forbidden from charging claimants for legal services and can only be paid when an award is final. *Id.* The attorney must apply for fees at each level of the adjudicatory process in order to recover for time spent before that level. *See* 20 C.F.R. § 725.366(a); 20 C.F.R. § 802.203(d). Additionally, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckherhart*, 461 U.S. 424, 435 (1983). Under 20 C.F.R. § 725.366(b), the fee must be "reasonably commensurate with the necessary work done" and must take into account several factors, including, "the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested."

There is a shortage of lawyers who are willing to represent black lung claimants due to the complexity of the cases and the often long delays in receiving fees even when a case is ultimately successful. *See* U.S. GOV'T ACCOUNTABILITY OFFICE, GAO-10-7, BLACK LUNG BENEFITS PROGRAM: ADMINISTRATIVE AND STRUCTURAL CHANGES COULD IMPROVE MINERS' ABILITY TO PURSUE CLAIMS 25–27 (2009), *available at* http://www.gao.gov/assets/300/297807.pdf.

This case exemplifies the constraints on claimants' representation in Federal Black Lung cases. Counsel has been representing Respondent for years without ever receiving compensation. Any and all work performed is uncompensated until the claim is final.

### THE FEES REQUESTED ARE REASONABLE AND UNOPPOSED

Again, as part of the requirement for requesting compensation for legal services before this Court, Counsel for Respondent, Brad Austin, contacted Counsel

for Petitioner, Joseph Halbert, in an attempt to resolve the fee petition. Counsel for Petitioner does not agree to the hourly rates requested by Counsel for Respondent but does agree that the total fee requested by Respondent is reasonable. Therefore, by agreement of the parties, Counsel for Respondent moves this Court to grant the Unopposed Motion for Attorney's Fees. However, the parties agree that the hourly rates sought by Counsel for Respondent may not be used in future litigation to establish the reasonableness of Counsel for Respondent's hourly rate.

Wherefore, for the reasons stated herein, the parties respectfully request this Court to grant the Unopposed Motion for Attorney's Fees and to issue an Order awarding $7,912.50 in attorney's fees.

Respectfully submitted,

/s/ Brad A. Austin

_____
Brad A. Austin
Wolfe Williams & Reynolds
470 Park Ave. Norton VA 24273
Counsel for Arley Moore

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Unopposed Motion for Attorney's Fees was served on the following ECF registered counsel by filing with ECF on June 13, 2022:

Joseph D. Halbert
Shelton, Branham & Halbert, PLLC
2452 Sir Barton Way, Suite 200
Lexington, KY 40509

William M. Bush
Office of the Solicitor
U.S. Department of Labor
200 Constitution Ave.
Washington, D.C. 20210


/s/ Brad A. Austin
Brad A. Austin

Wolfe Williams & Reynolds
470 Park Ave.
Norton, VA 24273
(276)679-0777
Counsel for Respondent, Arley Moore

# EXHIBIT A

## ITEMIZED TIMESHEET IDENTIFYING THE TIMEKEEPER, TASK, AND TIME SPENT ON EACH TASK WHILE THIS CASE WAS PENDING BEFORE THIS COURT.

| Attorneys | Time | Pay rate | Total Pay |
|---|---:|---|---|
| DNS - Donna Sonner | 12.25 | $350.00 | $ 4,287.50 |
| BA - Brad A. Austin | 11.25 | $300.00 | $ 3,375.00 |
| TLH - Tonya Hatfield | 0.75 | $200.00 | $    150.00 |
| RW - Rachel Wolfe | 0.25 | $200.00 | $     50.00 |
| Legal Assistants | 0.50 | $100.00 | $     50.00 |
| **Total** | **25.00** | | **$ 7,912.50** |

| | | |
|---|---|---|
| | Name: Clinton/Arley Moore    SSN: xxx-xx-0060    File No. 109750 | |
| | Total Hours: | 25.00 |
| | | |
| 2/23/2021 | Review the RO's Petition for Review and Notice of Appeal filed by Joseph D. Halbert at Shelton, Branham, & Halbert representing Consolidation Coal Company; draft and submit Notice of Appearance and Disclosure statement; receive the record request from the 4th Circuit; agency shall file the record on or before April 5; also receive notice that my notice of appearance and disclosure was received.   (BA) | 0.50 |
| | | |
| 3/3/2021 | Phone call from the client's son to discuss the RO's appeal of the BRB decision to the 4th Circuit; explain how the case will proceed. (RW) | 0.25 |
| | | |
| 4/2/2021 | Receive Notice of Appearance from Gary Stearman.    (BA) | 0.00 |
| | | |
| 4/8/2021 | Review follow-up notice received from the 4th Circuit stating that the government was to submit the record and had not; it was ordered that it be filed immediately with a motion to file out of time.   (BA) | 0.25 |
| | | |
| 5/6/2021 | Review the Briefing Order received from the 4th Circuit; June 14 is the last day for RO to submit its opening brief; July 14 is the last day for us to submit response brief; August 6 is the last day for RO to submit reply brief.    (BA) | 0.25 |
| | | |

| Date | Description | Hours |
|---|---|---|
| 6/8/2021 | Review the Joint Appendix received from the RO in a link; download and save to file.   (BA) | 0.25 |
| 6/14/2021 | Analyze and review the RO's Opening Brief received from Crystal Moore at Shelton, Branham, & Halbert; also receive the Joint Appendix and save to drive.   (BA) | 1.00 |
| 6/15/2021 | Analyze and review the RO's Opening Brief.    (DNS) | 0.50 |
| 7/6/2021 | Receive email from William Bush at the DOL advising that the Director will not be filing a response brief; begin working on resonse brief; summary of argument;and statement of the case.  (DNS) | 1.25 |
| 7/7/2021 | Continue working on the response brief,  summary of argument, statement of jurisdiction, statement of the issues, and statement of the case.    (DNS) | 2.25 |
| 7/8/2021 | Continue working on the response brief; argument re treatment evidence, and review employer's agrument.    (DNS) | 1.00 |
| 7/9/2021 | Continue working on the response brief.    (DNS) | 4.00 |
| 7/10/2021 | Continue working on the response brief.    (DNS) | 1.25 |
| 7/11/2021 | Continue working on the response brief; forward draft to Attorney Austin for review and edits.    (DNS) | 2.00 |
| 7/12/2021 | Review, edit, and complete the response brief (2.5 hrs); draft cover page, final version of the disclosure statement, and table of contents; review citations of the brief and check for accuracry (2.25 hrs); draft the final version of the table of authorities (1 hr); combine all sections of the brief, including the cover page, table of contents, disclosure statement, table of authorities, and body of brief (.5 hrs).    (BA) | 6.25 |
| 7/12/2021 | Forward brief to other staff members to review and suggest edits that need to be made.    (BA) | 0.00 |
| 7/12/2021 | Review and forward suggested edits to Attorney Austin.     (TLH) | 0.75 |

| Date | Description | Hours |
|---|---|---|
| 7/12/2021 | Review and forward suggested edits to Attorney Austin.     (LMS) | 0.50 |
| 7/14/2021 | Receive and review suggested edits from staff; make the necessary corrections and edits; check all sections to ensure it is ready to be submitted; upload brief to the 4th Circuit.     (BA) | 2.00 |
| 4/1/2022 | Review Rule 34 Notice received from 4th Circuit; the notice states that the appeal has been referred to three judges for review prior to scheduling oral argument; if panel agrees an oral argument is unnecessary, then it will issue a decision; if panel agrees an oral agrument is necessary, then it will issue notice that the appeal is docketed.     (BA) | 0.25 |
| 5/15/2022 | Review the unpublished decision from the 4th Circuit denying the RO's petitoin for review; the court agrees with the Benefits Review Board; oral arguments are unnecessary.     (BA) | 0.25 |
| 5/15/2022 | Review the Notice of Judgement received from the 4th Circuit; the RO's petition is denied.     (BA) | 0.25 |
| | Attorneys: | |
| | DNS - Donna E. Sonner | |
| | BA - Brad A. Austin | |
| | TLH - Tonya Hatfield | |
| | RW - Rachel Wolfe | |
| | Legal Assistant: | |
| | LMS - Lynn Sutter | |